MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
CRISTIAN     RIVERA     VILLAGOMEZ,
*individually and on behalf of others similarly*
*situated,*

                                        *Plaintiff,*

                    -against-

247 DELI LLC (D/B/A DELICATESSEN), 247
DELICATESSEN MANAGEMENT GROUP
LLC (D/B/A DELICATESSEN), MARK T
AMADEI,        ANDREW        GLASSBERG,
MICHAEL FERRERO, FABIAN DOE, and
JEFF CURRAN,

                                        *Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Cristian Rivera Villagomez ("Plaintiff Rivera" or "Mr. Rivera"), individually and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against 247 Deli LLC (d/b/a Delicatessen), 247

Delicatessen Management Group LLC (d/b/a Delicatessen), ("Defendant Corporations"), Mark T

Amadei, Andrew Glassberg, Michael Ferrero, Fabian Doe, and Jeff Curran, ("Individual

Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Rivera is a former employee of Defendants 247 Deli LLC (d/b/a Delicatessen), 247 Delicatessen Management Group LLC (d/b/a Delicatessen), Mark T Amadei, Andrew Glassberg, Michael Ferrero, Fabian Doe, and Jeff Curran.

2.      Defendants own, operate, or control a restaurant, located at 54 Prince Street, New York, NY 10012 under the name "Delicatessen."

3.     Upon information and belief, individual Defendants Mark T Amadei, Andrew Glassberg, Michael Ferrero, Fabian Doe, and Jeff Curran, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Rivera was employed as a delivery worker at the restaurant located at 54 Prince Street, New York, NY 10012.

5.     Plaintiff Rivera was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to cleaning the windows, cleaning the sidewalk, taking out the trash, running errand for the owners to buy food for the owners, the owner's girlfriend and friends, picking up laundry, picking up clothes and accessories at stores for the owner, bringing things to the owner's apartment such as a washing machine, taking things such as kitchen equipment when Defendant Michael Ferrero was cooking at home and stocking deliveries in the basement (hereafter the "non-tipped duties").

6.     At all times relevant to this Complaint, Plaintiff Rivera worked for Defendants without appropriate minimum wage compensation for the hours that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Rivera appropriately for any hours worked at the straight rate of pay.

8.     Defendants employed and accounted for Plaintiff Rivera as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

9.     Regardless, at all relevant times, Defendants paid Plaintiff Rivera at a rate that was lower than the required tip-credit rate.

10.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Rivera's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

11.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Rivera's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Rivera at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

12.    In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Rivera's and other tipped employees' tips and made unlawful deductions from Plaintiff Rivera's and other tipped employees' wages.

13.    Defendants' conduct extended beyond Plaintiff Rivera to all other similarly situated employees.

14.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rivera and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

15.   Plaintiff Rivera now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.   Plaintiff Rivera seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Rivera's state law claims under 28 U.S.C. § 1367(a).

18.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiff Rivera was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.   Plaintiff Cristian Rivera Villagomez ("Plaintiff Rivera" or "Mr. Rivera") is an adult individual residing in Bronx County, New York.

20.   Plaintiff Rivera was employed by Defendants at Delicatessen from approximately October 2012 until on or about November 5, 2018.

21.    Plaintiff Rivera consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.    At all relevant times, Defendants owned, operated, or controlled a restaurant, located at 54 Prince Street, New York, NY 10012 under the name "Delicatessen."

23.    Upon information and belief, 247 Deli LLC (d/b/a Delicatessen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 54 Prince Street, New York, NY 10012.

24.    Upon information and belief, 247 Delicatessen Management Group LLC (d/b/a Delicatessen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 54 Prince Street, New York, NY 10012.

25.    Defendant Mark T Amadei is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mark T Amadei is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mark T Amadei possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivera, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.    Defendant Andrew Glassberg is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Andrew Glassberg is

sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Andrew Glassberg possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivera, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.    Defendant Michael Ferrero is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Ferrero is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Michael Ferrero possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivera, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.    Defendant Fabian Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Fabian Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Fabian Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivera, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.    Defendant Jeff Curran is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jeff Curran is sued individually in

his capacity as a manager of Defendant Corporations. Defendant Jeff Curran possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivera, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

30.    Defendants operate a restaurant located in the Soho neighborhood of Manhattan in New York City.

31.    Individual Defendants, Mark T Amadei, Andrew Glassberg, Michael Ferrero, Fabian Doe, and Jeff Curran, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

32.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33.    Each Defendant possessed substantial control over Plaintiff Rivera's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rivera, and all similarly situated individuals, referred to herein.

34.    Defendants jointly employed Plaintiff Rivera (and all similarly situated employees) and are Plaintiff Rivera's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

35.    In the alternative, Defendants constitute a single employer of Plaintiff Rivera and/or similarly situated individuals.

36.    Upon information and belief, Individual Defendants Mark T Amadei, Andrew Glassberg, and Michael Ferrero operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

37.    At all relevant times, Defendants were Plaintiff Rivera's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Rivera, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Rivera's services.

38.   In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

40.   Plaintiff Rivera is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

41.   Plaintiff Rivera seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Cristian Rivera Villagomez*

42.   Plaintiff Rivera was employed by Defendants from approximately October 2012 until on or about November 5, 2018.

43.   Defendants ostensibly employed Plaintiff Rivera as a delivery worker.

44.   However, Plaintiff Rivera was also required to spend a significant portion of his work day performing the non-tipped duties described above.

45.   Although Plaintiff Rivera ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

46.   Plaintiff Rivera regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

47.   Plaintiff Rivera's work duties required neither discretion nor independent judgment.

48.   From approximately November 2012 until on or about November 2015, Plaintiff Rivera worked from approximately 5:00 p.m. until on or about 11:00 p.m., 2 days a week and from approximately 5:00 p.m. until on or about 11:30 p.m., 3 days a week (typically 28.5 hours per week).

49.   From approximately November 2015 until on or about November 5, 2018, Plaintiff Rivera worked from approximately 11:00 a.m. until on or about 5:00 p.m., Sundays through Fridays (typically 36 hours per week).

50.   Throughout his employment, Defendants paid Plaintiff Rivera his wages by check.

51.   However, prior to 2015, Defendants paid Plaintiff Rivera all his tips in cash.

52.   From approximately November 2012 until on or about December 2013, Defendants paid Plaintiff Rivera $7.00 per hour.

53.   From approximately January 2014 until on or about December 2017, Defendants paid Plaintiff Rivera $8.00 per hour.

54.   From approximately January 2018 until on or about November 5, 2018, Defendants paid Plaintiff Rivera $8.65 per hour.

55.   For approximately his last week of employment, Defendants did not pay Plaintiff Rivera any wages for his work.

56.   Plaintiff Rivera's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

57.   For example, Defendants required Plaintiff Rivera to work an additional 30 minutes past his scheduled departure time often, and did not pay him for the additional time he worked.

58.   Defendants never granted Plaintiff Rivera any breaks or meal periods of any kind.

59.    Nevertheless, throughout his first year of employment, Defendants deducted $5 from Plaintiff Rivera's weekly paycheck for meals he never ate.

60.    Plaintiff Rivera was never notified by Defendants that his tips were being included as an offset for wages.

61.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Rivera's wages.

62.    Defendants withheld a portion of Plaintiff Rivera's tips; specifically, Defendants pocketed 2% of all the tips customers paid to Plaintiff. Furthermore, on approximately two occasions, Plaintiff Rivera was not given his tips at all.

63.    On a number of occasions, Defendants required Plaintiff Rivera to sign a document, the contents of which he was not allowed to review in detail. Specifically, Defendants required Plaintiff Rivera to sign a blank document when he missed one day of work.

64.    Defendants took improper and illegal deductions from Plaintiff Rivera's wages; specifically, during his first year of employment, Defendants deducted $5 from Plaintiff Rivera's paycheck for food he did not eat and $20 to $30 for unknown reasons.

65.    At least prior to 2015, Defendants did not provide Plaintiff Rivera an accurate statement of wages, as required by NYLL 195(3).

66.    Defendants did not give any notice to Plaintiff Rivera, in English and in Spanish (Plaintiff Rivera's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

67.    Defendants required Plaintiff Rivera to purchase "tools of the trade" with his own funds—including five bicycles, sets of lights, taxis for deliveries and weekly Metro Cards.

*Defendants' General Employment Practices*

68.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rivera (and all similarly situated employees) to work without paying him appropriate minimum wage as required by federal and state laws.

69.     Plaintiff Rivera was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

70.     Defendants' pay practices resulted in Plaintiff Rivera not receiving payment for all his hours worked, and resulted in Plaintiff Rivera's effective rate of pay falling below the required minimum wage rate.

71.     Defendants habitually required Plaintiff Rivera to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

72.     Defendants required Plaintiff Rivera and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

73.      Plaintiff Rivera and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

74.     Plaintiff Rivera's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

75.      Plaintiff Rivera and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

76.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Rivera's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

77.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

78.    In violation of federal and state law as codified above, Defendants classified Plaintiff Rivera and other tipped workers as tipped employees, and paid them at a rate that was lower than the required tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

79.    Defendants failed to inform Plaintiff Rivera who received tips that Defendants intended to take a deduction against Plaintiff Rivera's earned wages for tip income, as required by the NYLL before any deduction may be taken.

80.    Defendants failed to inform Plaintiff Rivera who received tips, that his tips were being credited towards the payment of the minimum wage.

81.    Defendants failed to maintain a record of tips earned by Plaintiff Rivera who worked as a delivery worker for the tips he received.

82.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Rivera who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

83.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Rivera and other tipped employees, in violation of New York Labor Law § 196-d (2007).

84.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

85.     On a number of occasions, Defendants required Plaintiff Rivera to sign a document the contents of which he was not allowed to review in detail.

86.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rivera (and similarly situated individuals) worked, and to avoid paying Plaintiff Rivera properly for his full hours worked.

87.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

88.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Rivera and other similarly situated former workers.

89.     Defendants failed to provide Plaintiff  Rivera and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of

pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

90.      Defendants failed to provide Plaintiff Rivera and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

91.      Plaintiff Rivera brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

92.      At all relevant times, Plaintiff Rivera and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records as required under the FLSA.

93.     The claims of Plaintiff Rivera stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

94.     Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiff Rivera's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Rivera (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

96.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

97.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

98.     Defendants failed to pay Plaintiff Rivera (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

99.     Defendants' failure to pay Plaintiff Rivera (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

100.    Plaintiff Rivera (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

101.    Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

102.    At all times relevant to this action, Defendants were Plaintiff Rivera's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Rivera, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

103.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Rivera less than the minimum wage.

104.    Defendants' failure to pay Plaintiff Rivera the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

105.    Plaintiff Rivera was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

106.    Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

107.    Defendants failed to provide Plaintiff Rivera with a written notice, in English and in Spanish (Plaintiff Rivera's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used

by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

108.    Defendants are liable to Plaintiff Rivera in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

109.    Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

110.    With each payment of wages, Defendants failed to provide Plaintiff Rivera with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

111.    Defendants are liable to Plaintiff Rivera in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

112.    Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

113.    Defendants required Plaintiff Rivera to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

114.    Plaintiff Rivera was damaged in an amount to be determined at trial.

<u>SIXTH CAUSE OF ACTION</u>

**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

115.    Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

116.    At all relevant times, Defendants were Plaintiff Rivera's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

117.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

118.    Defendants unlawfully misappropriated a portion of Plaintiff Rivera's tips that were received from customers.

119.    Defendants knowingly and intentionally retained a portion of Plaintiff Rivera's tips in violations of the NYLL and supporting Department of Labor Regulations.

120.    Plaintiff Rivera was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

121.    Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

122.    At all relevant times, Defendants were Plaintiff Rivera's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

123.    Defendants made unlawful deductions from Plaintiff Rivera's wages including, but not limited to, deductions for meals he never ate and other wage deductions for reasons he was never provided with.

124.    The deductions made from Plaintiff Rivera's wages was not authorized or required by law.

125.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Rivera's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

126.    Plaintiff Rivera was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rivera respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rivera and the FLSA Class members;

(c)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rivera's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Rivera and the FLSA Class members;

(e)      Awarding Plaintiff Rivera and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiff Rivera and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rivera;

(h)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Rivera's compensation, hours, wages and any deductions or credits taken against wages;

(i)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Rivera;

(j)      Awarding Plaintiff Rivera damages for the amount of unpaid minimum wage, and

for any improper deductions or credits taken against wages as applicable

(k)     Awarding Plaintiff Rivera damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff Rivera liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Rivera and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)      Awarding Plaintiff Rivera and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Rivera demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
          November 13, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                       Facsimile: (212) 317-1620
_____

Faillace@employmentcompliance.com

November 12, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Cristian Rivera Villagomez
Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      12 de noviembre de 2018

*Certified as a minority-owned business in the State of New York*